# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JESUS AGUIAR, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:19-cv-00442-JHE |
| ROBERTO'S USED CARS, INC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

On April 5, 2019, Defendants Roberto's Used Cars, Inc., Maria Catano, Jose Guadalupe Catano,[2] Jamie Perez, and Alejandro Reynosa (collectively, the "Defendants") moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 7). On April 19, 2019, Plaintiff Jesus Aguiar ("Aguiar" or "Plaintiff") moved to strike exhibits to the motion to dismiss or, in the alternative, convert the motion to one for summary judgment and allow discovery prior to ruling upon it. (Doc. 11). The same day, Aguiar filed a separate response to the motion, again alternatively requesting discovery. (Doc. 12). The undersigned set a deadline for Defendants to oppose the motion to strike, (doc. 14), but Defendants did not file a response.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.

[2] Jose Catano is not referenced in this motion despite the fact that (1) he is represented by the same counsel as the other four defendants and (2) the allegations in the complaint against Jose Catano are generally the same as those against Maria Catano. The docket, however, indicates the motion is filed on behalf of Jose Catano, and the undersigned assumes Jose Catano also seeks dismissal.

# I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint is deficient under Rule 8 and fails to state a claim upon which relief can be granted. Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). Additionally, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950.

## II. Background

According to the complaint, Aguiar worked as a laborer for Roberto's Used Cars, a car repair shop and dealership located in Columbiana, Alabama. (Doc. 1 at ¶¶ 3, 13, 26). The Catanos own Roberto's Used Cars, and Perez and Reynosa manage and operate the shop. (*Id.* at ¶¶ 14-17). Over the eleven years that Aguiar worked for Roberto's Used Cars, he was required to work approximately sixty-one hours per week, but was never paid overtime; instead, Defendants paid him a flat weekly rate in cash. (*Id.* at ¶¶ 23, 29-33, 37). Aguiar alleges Defendants' actions violate the overtime compensation provisions of the Fair Labor Standards Act ("FLSA"). (*Id.* at 40-43).

## III. Analysis

Defendants deny Aguiar worked as many hours as he claims; instead, they state Aguiar resided on the shop premises in a mobile home, as he did not have a place to reside, and in any event was compensated for all the hours he worked. (Doc. 7 at 2-3). They also contend Roberto's Used Cars is a small business exempt from the FLSA because its gross sales are less than $500,000 per year. (*Id.* at 3). In support of this latter argument, they attach Alabama sales tax returns from 2017 and 2018. (Doc. 7-1). Aguiar points out that Defendants' evidence is incomplete and, in any event, outside the pleadings. (Doc. 11 at 1-2). In his motion to strike, and continuing into his response to the motion to dismiss, he requests the opportunity to conduct discovery into Roberto's Used Cars' gross sales. (*Id.*; doc. 12 at 5-6). Aguiar states his overtime claim is facially plausible, and Defendants' arguments as to whether he worked as many hours as he claimed or was

3

compensated for those hours are simply factual disputes not subject to resolution on a Rule 12(b)(6) motion to dismiss. (Doc. 12 at 3-5).

### A. Sufficiency of Allegations of Overtime Work

Defendants do not directly challenge Aguiar's complaint facial sufficiency. Instead, their attack on the complaint is that an alternative explanation exists for Aguiar's presence at the shop during the hours he says he worked. This does not support dismissal under Rule 12(b)(6), because the court takes the facts alleged in the complaint as true. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012) (citation omitted). Defendants' arguments are not well taken, and their motion is due to be denied on this basis.[3]

### B. Enterprise Coverage Under the FLSA

An employer can be subject to the overtime provisions of the FLSA in one of two ways: individual coverage or enterprise coverage. *See* 29 U.S.C. § 207(a)(1). Aguiar alleges Defendants are subject to enterprise coverage. (Doc. 1 at ¶ 21). "Employers fall within the FLSA's enterprise coverage section if they (1) have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (2) have at least $500,000 of annual gross volume of sales made or business done." *Hurst v. Youngelson*, 354 F. Supp. 3d 1362, 1382 (N.D. Ga. 2019) (quoting *Polycarpe v. E & S Landscaping Service, Inc.*, 616 F.3d

---

[3] Although extrinsic evidence to support Defendants' arguments would generally not be considered in resolving a motion to dismiss, as discussed below, the undersigned notes that the only thing supporting their allegations of Aguiar's real reasons for being at the shop is argument by counsel. Counsel's arguments in a brief cannot support factual claims. *See United States v. Smith,* 918 F.2d 1551, 1562 (11th Cir. 1990) ("[S]tatements and arguments of counsel are not evidence.").

1217, 1220 (11th Cir. 2010)) (internal alterations and quotation marks omitted). *See also* 29 U.S.C. § 203(a)(1)(A).

Defendants' evidentiary submissions consist of monthly state sales returns. For 2018, Defendants attach the sales returns from January, February, March, April, May, June, July, August, September, and October, but omit the returns from November and December. (Doc. 7-1 at 1-10). The total reported sales are $474,980. (*Id.*). For 2017, Defendants include returns for the entire year. (*Id.* at 11-22). The total reported sales are $330,900. (*Id.*).

Whether or not this unsworn and partially incomplete evidence would support dismissal of the complaint, the first question is whether the undersigned should consider them at all. A district court considering a motion to dismiss must generally limit its review to the complaint itself and any attachments to the complaint. *Starship Enterprises of Atlanta, Inc. v. Coweta Cty., Ga.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013). When the court considers matters outside the pleadings, it must convert the motion to dismiss to a motion for summary judgment under Rule 56. *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997); FED. R. CIV. P. 12(d). The court need not convert the motion if the outside materials are (1) central to the plaintiff's claim and (2) undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

The returns might go to an element of Aguiar's claim,[4] but they are not central to that claim; they are neither incorporated by reference into the complaint, *see Horsley v. Feldt,* 304 F.3d

---

[4] Aguiar spends a portion of his response arguing the $500,000 gross revenue question goes to an element of his claims and is not a jurisdictional issue. (Doc. 12 at 6-7). The Eleventh Circuit has not addressed whether enterprise coverage is jurisdictional. *See Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 882 n.5 (11th Cir. 2008). However, in the footnote declining to address the issue, the Eleventh Circuit noted the First Circuit has concluded enterprise coverage is non-jurisdictional in light of *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (which confronted a

5

1125, 1134 (11th Cir. 2002), nor "a necessary part of [Aguiar's] effort to make out" his claim Defendants failed to pay him overtime, *see Day*, 400 F.3d at 1276. Accordingly, to consider the returns, the undersigned would have to convert the motion to dismiss to one for summary judgment.

Since the returns raise a substantial question as to enterprise coverage under the FLSA, the undersigned will convert the motion pursuant to Fed. R. Civ. P. 12(d) to a motion for summary judgment. However, consistent with the alternative relief requested in Plaintiff's motion to strike (which, again, Defendants have not opposed), the undersigned will allow additional time for discovery into the issue of Roberto's Used Cars' gross revenue before ruling on the motion.

### IV. Conclusion

The motion to dismiss, (doc. 7), is **CONVERTED** to a motion for summary judgment as to the issue of whether Roberto's Used Cars' gross revenue is sufficient for enterprise coverage under the FLSA. It is **DENIED** in all other respects. Aguiar's motion to strike, (doc. 11), is **GRANTED** as to the alternative request for additional time for discovery as follows:

- The parties have until **August 1, 2019** to conduct additional discovery into Roberto's Used Cars' gross revenue.
- Defendants have until **August 8, 2019** to supplement their motion for summary judgment.
- Aguiar's response to the motion for summary judgment is due by **August 15, 2019**.

---

similar issue in the Title VII context). *See id.* (citing *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007). Since Defendants do not actually argue an employer's gross revenue is a jurisdictional issue (hence their motion under Rule 12(b)(6) rather than Rule 12(b)(1)), the undersigned declines to further address the matter.

- Defendants' reply, if any, is due by **August 22, 2019**.

DONE this 17th day of June, 2019.

                                               **JOHN H. ENGLAND, III**
                                               UNITED STATES MAGISTRATE JUDGE