FILED
 2021 May-14  PM 02:01
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESUS AGUIAR, | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 2:19-cv-00442-JHE |
| ROBERTOS' USED CARS INC., et al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

Plaintiff Jesus Aguiar ("Aguiar"), along with Defendants Robertos' Used Cars, Inc., Maria Catano, Jose Guadalupe Catano, Jamie Perez, and Alejandro Reynosa (collectively "Defendants"), jointly move requesting approval of their settlement agreement, which represents the resolution of a disputed matter under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Doc. 55). For the reasons set forth below, the court approves the parties' settlement.

### I. Background Facts

This action is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* According to the complaint, Aguiar worked as a laborer for Roberto's Used Cars, a car repair shop and dealership located in Columbiana, Alabama. (Doc. 1 at ¶¶ 3, 13, 26). The Catanos own Roberto's Used Cars, and Perez and Reynosa manage and operate the shop. (*Id*. at ¶¶ 14-17). Over the eleven years that Aguiar worked for Roberto's Used Cars, he was required to work approximately sixty-one hours per week, but was never paid overtime; instead, Defendants paid him a flat weekly rate in cash.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.

(*Id*. at ¶¶ 23, 29-33, 37).  Aguiar alleges Defendants' actions violate the overtime compensation provisions of the Fair Labor Standards Act ("FLSA").  (*Id*. at 40-43).

On April 9, 2021, the parties mediated and reached a settlement encompassing all of Aguiar's claims.  (Doc. 55 at ¶ 4).  The parties have executed a settlement agreement setting forth the terms of the settlement.  (*Id.*; *see* doc. 55-1).  According to the motion, the parties reached their compromised settlement of the FLSA claims due to uncertainties regarding Aguiar's recovery under the FLSA and uncertainties regarding Defendants' defenses.  (Doc. 55 at ¶ 5).

The Settlement Agreement provides that Defendants agree to pay $24,940.00.  (Doc. 55-1).  Specifically, Defendants will pay Aguiar $7,470.00 for unpaid overtime wages and $7,470.00 for liquidated damages; Defendants will also pay Rubio Law Firm $10,000.00 for attorney's fees and costs.  (*Id.*).  The settlement funds will be paid in consecutive monthly installments of eleven payments of $2,078.00, and one final payment of $2,082.00.  (*Id.*).  The settlement agreement includes that Aguiar will release and discharge Defendants from all claims and causes of action that have accrued up to the date of the agreement. (*Id.*)

## II. Analysis

If an employee proves his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, a reasonable attorney's fee, and costs. 29 U.S.C. § 216(b).  "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)). "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA." *Hogan v. Allstate Beverage Co.*,

*Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011). Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the Eleventh Circuit stated there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008). Having reviewed the Joint Motion for Settlement Approval and the terms of the Settlement Agreement, the parties' dispute as to the merits of the case is legitimate and the settlement is fair and reasonable. (*See* doc. 55 at ¶5).

"Where the attorney's fee was agreed upon separately, without regard to the amount paid to the plaintiff, then 'unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.'" *Davis v. The Filta Group, Inc.*, 2010 WL 3958701, *2 (M.D. Fla. Sept. 20, 2010) (quoting *Bonetti v. Embarq Mgmt. Co.*, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009)). The parties report the attorneys' fees were negotiated separate and apart from Aguiar's wages and liquidated damages. (Doc. 55 at ¶ 11). With this in mind, and upon further review of the settlement agreement, the undersigned finds the attorneys' fees are reasonable.

### III. Conclusion

The undersigned finds Plaintiffs' FLSA claims represent a bona fide dispute over FLSA provisions and the parties' settlement is a fair and reasonable resolution of these bona fide disputes. Therefore, the parties' motion for settlement approval, (doc. 55), is **GRANTED**, and the settlement is **APPROVED**.  A separate order will be entered.

DONE this 14th day of May, 2021.

                                                   **JOHN H. ENGLAND, III**
                                                   UNITED STATES MAGISTRATE JUDGE